# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CONRAD ROCKENHAUS,

                Petitioner,              Case No. 25-cv-12913
                                             Hon. Jonathan J.C. Grey

v.

TARNESEIA PRINGLE,

                Respondent.

_____/

## OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a petition for habeas corpus under 28 U.S.C. § 2241 filed *pro se* by Adrienne Rockenhaus, on behalf of her husband, Conrad Rockenhaus. (ECF No. 1.) When the petition was filed, Mr. Rockenhaus was detained in the Livingston County Jail. On September 17, 2025, he was transferred to the Federal Correctional Facility in Milan, Michigan, where he remains. (ECF No. 4.)

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases (applicable to

petitions under § 2241 pursuant to Rule 1(b)). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

## I.   BACKGROUND

In 2022, Mr. Rockenhaus pleaded guilty in the United States District Court for the Eastern District of Texas to Intentional Damage to a Protected Computer, 18 U.S.C. § 1030(a)(5)(A). *See United States v. Rockenhaus*, No. 4:19-cr-00181. He was sentenced to 40 months imprisonment and 3 years supervised release. *See id.* (ECF No. 166.) After serving his term of imprisonment, jurisdiction over his supervised release was transferred to this Court, the Honorable Chief Judge Stephen J. Murphy, III, presiding. *See United States v. Rockenhaus*, No. 2:23-cr-20701 (ECF No. 2 (12/28/2023 Order Accepting Jurisdiction).)

Rockenhaus was subsequently arrested and charged with violating the terms of his supervised release. *See id.* (ECF Nos. 2, 3.) On May 6, 2025, he made an initial appearance and was released on bond subject to terms outlined in an Order Setting Conditions of Release and an

unsecured $10,000 appearance bond. *Id.* (ECF Nos. 8, 9.) He admitted guilt to supervised release violations, and his bond was continued pending sentencing. *See id.* (5/13/2025 Text-only entry). On September 5, 2025, Rockenhaus was arrested and his bond revoked for violating bond conditions. *See id.* (ECF No. 17.) He is detained pending sentencing on the supervised release violations.

The pending petition for a writ of habeas corpus was filed on September 15, 2025, raising two claims for relief. (ECF No. 1.) First, Rockenhaus claims that his custodians have violated and continue to violate his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at PageID.6.) Second, he claims that Chief Judge Murphy violated his Sixth Amendment right to counsel in the criminal proceeding. (*Id.* at PageID.7.) Since filing the initial petition, Ms. Rockenhaus has filed ten supplemental declarations in support of the petition. (ECF No. 2, 4-6, 8-13.)

## II.   ANALYSIS

Adrienne Rockenhaus has filed this petition as the putative "next friend" of her husband, Conrad Rockenhaus. A habeas corpus petition may be filed by one person on behalf of another. 28 U.S.C. § 2242

("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, next friend status will not be granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before next friend status will be conferred. *Id.*

First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *Id.* Courts impose these restrictions because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164 (internal quotation omitted). The putative next friend has the burden to clearly justify the need and propriety of the designation. *Id.*

Ms. Rockenhaus advances several reasons why her husband cannot petition for relief on his own. She states that he "is being held incommunicado at the Livingston County Jail." (ECF No. 1, PageID.10.)

However, the record shows that Mr. Rockenhaus was transferred to the Federal Correctional Center in Milan, Michigan, on September 17, 2025. (ECF No. 4, PageID.48.)

Ms. Rockenhaus also says that when her husband was first transferred to FCI Milan, he was not allowed access to the prison email system, but she acknowledges that he has since been granted access. (ECF No. 8, PageID.53; ECF No. 9, PageID.55.) The record includes several emails from Mr. Rockenhaus to Ms. Rockenhaus that she has filed in this case. These messages demonstrate that Mr. Rockenhaus has access to the email system and counter the argument that he cannot advocate on his own behalf. In fact, the emails are clear and reflect his understanding of both the prison grievance process and the legal system.

Next, Ms. Rockenhaus argues that she should be granted next friend status because her husband granted her power of attorney in 2021. A power of attorney does not necessarily authorize someone to file a habeas petition on another's behalf. *See, e.g., Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978) (individual with power of attorney could not act as attorney for habeas petitioner without establishing necessity for resort to next-friend device); *Williams v. Fink*, No. 17-cv-11014, 2017 WL

5

3427974, at *1 (E.D. Mich. Aug. 9, 2017) (holding that a power of attorney did not give mother standing to file a habeas petition on her son's behalf); *Vartinelli v. Burt*, No. 1:14-cv-45, 2014 WL 502453, at *2 (W.D. Mich. Feb. 7, 2014) (noting that a power of attorney does not by itself turn the filer into a "next friend" with the authority to pursue a § 2254 petition on petitioner's behalf).

Ms. Rockenhaus is not conferred next friend status simply because she is Mr. Rockenhaus's spouse. *Lucarelli v. United States*, 65 F. App'x 926, 927 (6th Cir. 2003). The fact that Mr. Rockenhaus is incarcerated also does not, by itself, show that he is unable to initiate a habeas action on his behalf. *See, e.g.*, *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. Aug. 28, 2007) (denying next friend status sought on grounds that the petitioner was incarcerated and "unable to initiate the petition" because "there is no reason to think [the petitioner]'s incarceration alone would prevent him of initiating a habeas action on his own behalf"); *Washington v. Neil*, No. 1:18-cv-00589, 2019 WL 4743666, at *3, (S.D. Ohio Sept. 30, 2019) (holding that pretrial detainee's father failed to show that his son was "inaccessible" under *Whitmore* despite father's argument that the detainee could not file the

petition on his own behalf since he was incarcerated and had "no knowledge of the law").

For these reasons, the Court concludes that Ms. Rockenhaus has failed to establish that she should be granted next friend status, and she may not proceed on her husband's behalf. *See Tate v. United States*, 72 F. App'x 265 (6th Cir. 2003) (affirming district court's dismissal of habeas action for lack of jurisdiction after concluding the filers lacked standing to proceed on the petitioner's behalf since they had not been granted next-friend status). The petition is subject to dismissal on this basis.

Additionally, the petition is subject to dismissal even if the Court assumes that Ms. Rockenhaus has given an adequate reason for filing on her husband's behalf, that she has a significant relationship with the real party in interest, and that she is dedicated to the best interests of her husband. *Whitmore*, 495 U.S. at 163-64.

The petition alleges a violation of Mr. Rockenhaus's Sixth Amendment right to counsel in his pending criminal proceeding. A petition under 28 U.S.C. § 2241 is not an appropriate vehicle to raise this claim. The Supreme Court has held that criminal defendants should pursue the remedies available to them within the criminal action, rather

than through the extraordinary remedy of habeas corpus. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 (1905) (vacating order granting habeas corpus relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and appeal). Where "alleged problems with [a] pending federal criminal case [can be] addressed by pretrial motion practice … the extraordinary remedy of pretrial habeas relief under § 2241" is unavailable. *Ibrihim v. US Bureau of Prisons*, No. 22-5509, 2023 WL 2636968, at *2 (6th Cir. Mar. 21, 2023). *See also Horning v. Seifart*, 107 F.3d 11 (6th Cir. 1997) (unpublished table decision) (holding that § 2241 may not be invoked to raise defenses to a pending federal criminal prosecution). Mr. Rockenhaus's Sixth Amendment claim may be raised in the pending criminal proceeding or any subsequent appeal or collateral challenge. Accordingly, it is not an appropriate basis for the exception relief sought in this petition.

The petition also claims Mr. Rockenhaus's conditions of confinement violate his constitutional rights. He alleges prison officials have denied him proper medical care, threatened him, and discriminated against him based on his disability. Prisoners may utilize § 2241 to challenge "the fact or extent, rather than the conditions, of the[ir] confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). "[C]onditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241." *Id.* Accordingly, these claims are not cognizable in a § 2241 petition.

## III.   CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the petition for writ of habeas corpus. This dismissal is without prejudice to Rockenhaus's right to raise these claims in his criminal case and/or in a civil complaint.

**SO ORDERED**.

<u>s/Jonathan J.C. Grey</u>

DATED: December 18, 2025          JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

9

### <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

**<u>s/ S. Osorio</u>**
Sandra Osorio
Case Manager
