**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONRAD ROCKENHAUS,

                Petitioner                             Case No. 25-cv-12913
                                                        Hon. Jonathan J.C. Grey

v.

TARNESEIA PRINGLE,
                    Respondent.

_____/

**PETITIONER'S BRIEF IN SUPPORT OF OMNIBUS MOTION**

**I. STATEMENT OF FACTS**

On September 15, 2025, Adrienne Rockenhaus filed Case No. 25-cv-12913 claiming "Next Friend" status. This Court dismissed the action on December 18, 2025, finding she lacked standing. Following this dismissal, Adrienne Rockenhaus's conduct escalated into a calculated scheme of financial and digital exploitation:

- **Digital Monetization & Media Brand:** She utilized the federal docket to launch a multi-platform media brand, including her X.com account (@adezero), three websites, and a monetized YouTube channel. She turned Petitioner's incarceration and fabricated medical updates into "content," profiting from a medical narrative she had no factual basis to provide.

- **Willful Financial Theft & Misconduct:** On February 17, 2026, Petitioner served her with certified letters revoking her authority to receive his funds. Despite this, she intercepted Petitioner's March 2026 Veterans Disability Compensation ($4,500). Since October 2025, she used these funds to pursue extramarital affairs while ensuring Petitioner remained isolated.

- **Targeted Harassment via Manipulated Pretext:** During Petitioner's isolation, he sent a TRULINCS invite to Adrienne Rockenhaus's account, addressed to a third-party woman he had not contacted in four years, as an attempt to get her to engage in communication. Adrienne

Rockenhaus maliciously weaponized this document, sent directly to her, to harass the third party and contact her employer in an attempt to cause her termination.

- **Retaliation:** Upon Petitioner's release in March 2026, she secured his homelessness by stealing his March funds and obtaining a PPO, discarding the "Next Friend" persona once the monetization of Petitioner's status was complete.

## II. ARGUMENT

**A. Rule 11 Sanctions for Improper Purpose.** Under Rule 11(b)(1), filings cannot be used for "improper purposes." Her use of the federal docket as a marketing tool for her digital assets, while simultaneously stealing Petitioner's income to fund a lifestyle involving extramarital affairs, is a flagrant abuse of the judicial system.

**B. Civil Contempt and Inherent Power.** By defying the February 17, 2026, revocation and continuing to market herself as the expert on Petitioner's status after the Court ruled she lacked standing, she has acted in bad faith. This Court has the inherent power to sanction conduct that is "vile" and "abusive of the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

## III. CONCLUSION

Petitioner requests a permanent filing injunction, a finding of civil contempt, and a referral for investigation of federal benefit fraud.

Respectfully submitted,

/s/
Conrad Rockenhaus
312 W. Huron St
Ann Arbor, MI 48103
crockenhaus@icloud.com
(254) 340-7910
Dated: March 10, 2026