UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CONRAD ROCKENHAUS,

                    Petitioner,                       Case No. 25-cv-12913
                                                     Hon. Jonathan J.C. Grey

v.

TARNESEIA PRINGLE,

                    Respondent.

_____/

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS (ECF Nos. 19, 21, 22, 24, 26)

On December 18, 2025, the Court dismissed a petition for habeas corpus under 28 U.S.C. § 2241 filed *pro se* by Adrienne Rockenhaus, on behalf of her husband, Conrad Rockenhaus. (ECF No. 15.) In that order, "the Court conclude[d] that Ms. Rockenhaus has failed to establish that she should be granted next friend status, and she may not proceed on her husband's behalf. *See Tate v. United States*, 72 F. App'x 265 (6th Cir. 2003) (affirming district court's dismissal of habeas action for lack of jurisdiction after concluding the filers lacked standing to proceed on the petitioner's behalf since they had not been granted next-friend status)." (*Id.* at PageID.152.) The Court also determined that the petition was

subject to dismissal because a petition under 28 U.S.C. § 2241 is not an appropriate vehicle to raise a Sixth Amendment right to counsel claim or a conditions-of-confinement claim. (*Id.* at PageID.152–154.) The Court noted that a Sixth Amendment claim may be raised in the pending criminal proceeding or any subsequent appeal or collateral challenge. (*Id.* at PageID.153.) On January 21, 2026, Ms. Rockenhaus filed a notice of appeal of the Court's December 18, 2025 order. (ECF No. 17.)

Since the notice of appeal was filed, Mr. Rockenhaus has filed five motions: (1) motion to no longer accept filings from Ms. Rockenhaus (ECF No. 19); (2) motion for emergency protective order (ECF No. 21); (3) motion to reopen case (ECF No. 22); (4) motion for sanctions, finding of civil contempt, and order to show cause (ECF No. 24); and (5) motion for emergency preservation order. (ECF No. 26.)

For several reasons, the Court concludes it is most appropriate to deny all five motions filed by Mr. Rockenhaus. First, as this case was filed by Ms. Rockenhaus, who did not establish next-friend status for Mr. Rockenhaus, this cause of action cannot be pursued in this Court by her. Second, this case is presently on appeal, so the undersigned cannot decide substantive motions in this Court. *See, e.g., City of Cookeville, Tenn. v.*

*Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (citation and internal quotation omitted) (6th Cir. 2007) ("As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals."). Third, to the extent Mr. Rockenhaus desires to seek relief in this or any other Court, he will need to file an appropriate new cause of action, as he did not bring this cause of action, nor is it an appropriate cause of action. (ECF No. 15, PageID.152–154.)

Accordingly, **IT IS ORDERED** that the following motions filed by Mr. Rockenhaus are **DENIED WITHOUT PREJUDICE**: (1) motion to no longer accept filings from Ms. Rockenhaus (ECF No. 19); (2) motion for emergency protective order (ECF No. 21); (3) motion to reopen case (ECF No. 22); (4) motion for sanctions, finding of civil contempt, and order to show cause (ECF No. 24); and (5) motion for emergency preservation order. (ECF No. 26.)

**SO ORDERED**.

DATED: April 1, 2026

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager